## STATE v. ED., GEORGE and PINK STARNES.

(Filed 8 December, 1909.)

1. **Instructions Upon Findings—Criminal Cases—Formula—Appeal.**

    While the Court has held that an instruction to the jury, where the testimony permits if "they believe the evidence," etc., will not constitute reversible error, it has been several times suggested as a better formula in such cases to charge, "If the jury find the facts to be as testified by the witnesses"; and in criminal cases it should further state if they are "satisfied beyond a reasonable doubt" that the facts are as testified to by the witnesses.

2. **Divine Worship—Interpretation of Statutes—Evidence.**

    When it appears that the members of a certain family were accustomed to gather annually for a family reunion at their different homes, and that at some time during the day a religious service was usually had. *Held,* that testimony to the effect that defendant shot a pistol several times within one hundred yards of a residence when such service was going on, is not sufficient to sustain an indictment under Revisal, sec. 3706, which makes it a misdemeanor to disturb divine worship held at a place where people are accustomed to meet for divine worship, the evidence failing to show that defendant was in view of the meeting or that he was aware that religious services were being held.

**3. Same—Indictments—Picnics.**

> A meeting of the kind described is fully protected from wrong-
> ful and willful interruption by sec. 3704 of the Revisal, but the
> charge is made under sec. 3406, and, on the facts presented, the
> defendant was entitled to the instruction, that if the jury should
> find the facts to be as testified, they would render a verdict of
> not guilty.

APPEAL from *Councill, J.,* August Term, 1909, of CALDWELL.

Indictment for disturbing a religious congregation, under section 3706, Revisal 1905.

Defendant prayed the court to instruct the jury that, before the jury could convict the defendant, they must be satisfied beyond a reasonable doubt that the meeting was a religious meeting, and that the place was one where people were accustomed to assemble for divine services. This was refused, and defendant excepted. In this connection the court charged the jury that, if the evidence was believed, the place mentioned comes within the meaning of the statute. Defendant excepted to the refusal to give his prayer for instructions, and to the portion of the charge as given. Verdict of guilty, and judgment, and defendant appealed, assigning for error the charge as indicated.

*Attorney-General* for the State.
*A. A. Whitener* for defendant.

PER CURIAM: In several of our decisions it had been said that where the testimony permits, instead of charging the jury "if they believed the evidence," the better *formula* is to express the charge, "if the jury is satisfied that the facts are as testified," and for the reason chiefly that in criminal cases every essential feature of the crime should be established beyond a reasonable doubt; and, therefore, in such cases the *formula* should be, "if the jury are satisfied beyond a reasonable doubt that the facts are as testified," etc.; or if, by inadvertence, the trial judge uses the terms, "if the jury believe the evidence," in criminal cases, he should add, "if the jury believe the evidence beyond a reasonable doubt," etc.

We have not, however, in any case, held this to be a matter for reversible error. *State v. Railroad,* 149 N. C., 508-512. But in the case before us we are of opinion that, on the testimony, there was error of a more serious nature indicated in the exceptions stated. Defendant was indicted, under section 3706, for disorderly conduct "at a place where people were accustomed to meet for divine worship, and while the people were there assembled for such worship," etc., and the evidence on the part of the State tended to show that this was a family reunion of the

Yount family, which had been going on for ten or twelve years, and quite a number of its members were in attendance. This reunion took the form of a general picnic, and it seems, from the testimony, to have been held at the houses of different members of the family—in this instance at the house of Mr. Elisha Keller, where Mrs. Carolina Yount resided; and at some time during the day a religious service was held, and was going on at the time when several pistol shots were heard about 100 yards from the place of meeting, and the evidence tended to show that defendant, George Starnes, did the shooting. There was no evidence to the effect that defendant was in view of the meeting, or that he knew that divine service was being conducted at the time; and we are of opinion that this was not a place that comes within the description or purview of section 3706, under which the bill was drawn. That section was intended to protect known and regularly established places of public worship, within the reasonable knowledge of the general public, and when it is fair to presume that they were put upon notice that divine service was likely to be going on whenever numbers of people were then assembled, and does not include an exceptional meeting of this kind, which assembles first at one house and then another of the members. Gatherings of the kind presented here, picnics, etc., come within the express provisions of section 3704 of the Code, but no charge is made against defendant under that section. As heretofore stated, the indictment is under section 3706, for disturbing unlawfully "religious worship at a place where people are accustomed to meet for divine worship," and were then assembled for the purpose; and if he is convicted, it must be for the offense alleged against him in the bill of indictment.

On the testimony, defendant was entitled to the charge that, "on the testimony, if believed by the jury, they would acquit the defendant." There was error, and a new trial is awarded.

New trial.